1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   OSHAY JOHNSON,

11          Petitioner,                    No. CIV S-10-1841 MCE EFB P

12      vs.

13   K. DICKINSON,

14          Respondent.              FINDINGS AND RECOMMENDATIONS

15   _____/

16          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

17   pursuant to 28 U.S.C. § 2254.  The matter was referred to the undersigned pursuant to 28 U.S.C.

18   § 636(b)(1) and Local Rule 302(c)(17).  Petitioner claims that the Board of Parole Hearings

19   ("Board") violated his equal protection and due process rights by delaying his initial parole

20   consideration hearing by seven years.  Petitioner also claims prison officials violated his due

21   process rights in three separate prison disciplinary actions.  Respondent moves to dismiss this

22   action on the grounds the claims that are successive, moot, untimely, and/or non-cognizable as

23   based on state law.  For the reasons stated below, the court recommends that respondent's

24   motion to dismiss be granted.

25   ////

26   ////

1

1    This court has authority under Rule 4 of the Rules Governing Section 2254 Cases to

2  dismiss a petition if it "plainly appears from the face of the petition and any attached exhibits

3  that the petitioner is not entitled to relief in the district court . . . ."  As a corollary to that rule, the

4  court may also consider a respondent's motion to dismiss, filed in lieu of an answer, on the same

5  grounds.  *See, e.g., O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (using Rule 4 to

6  evaluate a motion to dismiss for failure to exhaust state remedies); *White v. Lewis*, 874 F.2d 599,

7  602-03 (9th Cir. 1989) (using Rule 4 as the procedural vehicle to review a motion to dismiss for

8  state procedural default).

9  **I.    Claims Regarding Delay of Initial Parole Consideration Hearing**

10    Respondent contends petitioner's claims regarding the delay of his initial parole

11  consideration hearing should be dismissed as successive, moot, untimely, and non-cognizable as

12  based on state law.  Mot. at 2.  The court first addresses respondent's jurisdictional argument

13  that petitioner's claims regarding the delay of his initial parole consideration hearing must be

14  dismissed as successive.

15    A petition is second or successive if it makes "claims contesting the same custody

16  imposed by the same judgment of a state court" that the petitioner previously challenged, and on

17  which the federal court issued a decision on the merits.  *Burton v. Stewart*, 549 U.S. 147 (2007);

18  *see also Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).  Before filing a second or successive

19  petition in a district court, a petitioner must obtain from the appellate court "an order authorizing

20  the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Without an order

21  from the appellate court, the district court is without jurisdiction to consider a second or

22  successive petition.  *See Burton*, 549 U.S. 147.

23    Before commencing this action, petitioner filed a prior federal action in this district.  *See*

24  Mot., Ex. 1 (petitioner's March 19, 2009 petition filed in *Johnson v. Yates*, Case No. CIV

25  F-09-01355-OWW-SMS).  In that action, petitioner claimed the Board violated his due process

26  and equal protection rights when it delayed his initial parole consideration hearing by seven

1  years. *Id.* The court dismissed petitioner's challenge as barred by the statute of limitations, and

2  as failing to state a cognizable constitutional claim. Mot., Ex. 2 (May 14, 2010 Order). The

3  district court's dismissal of the earlier filed petition constitutes a decision on the merits.

4  *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009) ("[D]ismissal of a habeas petition as

5  untimely constitutes a disposition on the merits and . . . a further petition challenging the same

6  conviction [is] 'second or successive' for purposes of 28 U.S.C. § 2244(b).").

7       Since petitioner previously challenged the seven year delay of his initial parole

8  consideration hearing in a federal habeas corpus petition, which was decided in its merits, the

9  claim, raised again in this action, is second or successive. Petitioner offers no evidence that the

10  appellate court has authorized this court to consider a second or successive claim. This court

11  therefore lacks jurisdiction to consider petitioner's challenge to the delay in his initial parole

12  consideration hearing. *See Burton*, 549 U.S. 147; *Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th

13  Cir. 2001) (per curiam). Accordingly, the court will not address respondent's alternative

14  arguments that the claim is moot, untimely, and/or non-cognizable.

15       In his opposition, petitioner contends that this claim is not successive because he filed the

16  petition in this case after finally receiving his initial parole consideration hearing on June 4,

17  2009. Dckt. No. 21 at 2-3. Petitioner argues that he has a "newly rippenned [sic] claim" now

18  that he has had his initial parole consideration hearing because: (1) the Board did not provide

19  him with an adequate remedy for the unjustified delay of his initial hearing; and (2) the Board

20  violated his rights at his initial parole hearing by applying Marsy's Law.[1] *Id.* at 3.

21  ////

22

23       [1] Marsy's Law, which would have applied to petitioner's 2009 parole suitability hearing, amended California Penal Code section 3041.5(b)(2) to impose a minimum three year deferral period of a subsequent parole suitability hearing, and to authorize the Board's deferral of a subsequent hearing for up to seven, ten, or fifteen years. *Id.* § 3041.5(b)(3) (2010). Prior to Marsy's Law, the Board deferred subsequent parole suitability hearings to indeterminately-sentenced inmates for one year unless the Board determined it was unreasonable to expect that parole could be granted the following year, in which case the Board could defer the subsequent parole suitability hearing for up to five years. Cal. Pen. Code § 3041.5(b)(2) (2008).

1    Petitioner's complaint that the Board failed to properly remedy the seven year delay does

2  not save the underlying claim – that his rights were violated because of the seven year delay –

3  from being successive.  As discussed above, petitioner previously sought federal habeas relief on

4  this claim, and the court denied the claim on its merits.  Petitioner must obtain authorization

5  from the appellate court before this court can consider a petition raising this claim for the second

6  time.

7    Petitioner's argument regarding application of Marsy's Law at his initial parole

8  consideration hearing also does not save the claim regarding the seven year delay from being

9  successive.  Petitioner did not identify a claim based on Marsy's Law as a ground for relief in his

10  petition.  *See* Dckt. No. 1 at 2-4 (stating grounds for relief); *see also id.* at 6 (posing the question

11  of "[w]hether the Board violated petitioner's constitutional rights, where he was subjected to

12  Proposition 9: Marcy's Law at a hearing that was 7 years late," but not identifying any

13  constitutional right or claim based on application of Marsy's Law).  Rather, petitioner argued

14  that if he had received a timely initial parole consideration hearing, Marsy's Law, enacted in

15  2008, would not have been applied to him and his second parole consideration hearing would

16  have only been deferred by one year, not five.  Dckt. No. 1 at 17-19.  Thus, petitioner's

17  requested relief based on the seven year delay included a request for a court order changing the

18  Board's five year parole denial to a one year parole denial.  *Id.* at 7, 17-19.  The petition did not,

19  however, state a claim for relief based on the Board's application of Marsy's Law at the 2009

20  hearing.  If petitioner wishes to pursue federal habeas relief on the ground the Board violated his

21  constitutional rights at his June 4, 2009 initial parole consideration hearing, either by applying

22  Marsy's Law or in some other way aside from the seven year delay, he must file a new petition

23  raising those claims.  *See* Rule 2(e), Rules Governing § 2254 Cases (petitioner who seeks relief

24  from multiple judgments must file a separate petition as to each judgment).

25  ////

26  ////

4

1    **II.      Claims Regarding 2007 Prison Disciplinary Proceedings (Disobeying An Order)**

2            Petitioner claims his due process rights were violated when he was disciplined in 2007 at

3    California State Prison, Solano, for refusing an order to double cell because (1) state regulations

4    did not prohibit his conduct and (2) he was denied a witness at his disciplinary hearing.  Dckt.

5    No. 1 at 2, 8-10; *see also id.* at 26-30 (October 6, 2007 Rules Violation Report).  Respondent

6    argues both claims are untimely, and the claim regarding whether petitioner's conduct was

7    prohibited under state regulations is not cognizable.  Mot. at 4.

8            The court finds that petitioner's claims regarding the 2007 prison disciplinary

9    proceedings are untimely.  The statute of limitations for federal habeas corpus petitions is set

10   forth in 28 U.S.C. § 2244(d)(1):

11           A 1-year period of limitation shall apply to an application for a writ of habeas
             corpus by a person in custody pursuant to the judgment of a State court.  The
12           limitation period shall run from the latest of –

13           (A) the date on which the judgment became final by the conclusion of direct
             review or the expiration of the time for seeking such review;
14
             (B) the date on which the impediment to filing an application created by State
15           action in violation of the Constitution or laws of the United States is removed, if
             the applicant was prevented from filing by such State action;
16
             (C) the date on which the constitutional right asserted was initially recognized by
17           the Supreme Court, if the right has been newly recognized by the Supreme Court
             and made retroactively applicable to cases on collateral review; or
18
             (D) the date on which the factual predicate of the claim or claims presented could
19           have been discovered through the exercise of due diligence.

20   In certain circumstances, the limitations period may be tolled.  The petitioner bears the burden of

21   showing he is entitled to tolling.  *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002) (statutory

22   tolling); *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (equitable tolling).

23           Here, petitioner challenges a state prison administrative decision.  Although petitioner

24   contends that the statute of limitations should only begin to run once he has exhausted his "last

25   available state remedy," *see* Dckt. No. 21 at 4, the statute of limitations for challenges to prison

26   administrative decisions commences pursuant to § 2244(d)(1)(D), i.e., the date on which the

1  factual predicate of the claim or claims could have been discovered through the exercise of due

2  diligence. *Shelby v. Bartlett*, 391 F.3d 1061, 1066 (9th Cir. 2004); *Redd v. McGrath*, 343 F.3d

3  1077 (9th Cir. 2003).

4          Respondent contends the factual predicate of petitioner's claims could have been

5  discovered as of June 4, 2008, the day after prison officials denied petitioner's administrative

6  appeal challenging the 2007 disciplinary proceedings. Mot. a 4; *see also* Dckt. No. 1 at 36 (June

7  3, 2008 Final Decision denying petitioner's administrative challenge to October 6, 2007 Rules

8  Violation Report and related disciplinary proceedings). As petitioner does not dispute that he

9  received timely notice of the denial of his administrative appeal on June 3, 2008, the court finds

10  that petitioner knew of the factual predicate of his claim on this day. *See Shelby*, 391 F.3d at

11  1066. The factual predicate for his claims, the June 3, 2008 denial of his administrative appeal,

12  triggered the one-year limitations period and, therefore, petitioner had until June 3, 2009, to file

13  his federal habeas petition. Petitioner did not commence this action until July 13, 2010.[2] Absent

14  tolling, his challenge to the 2007 disciplinary proceedings is time-barred

15          There is no statutory tolling of the limitations period "from the time a final decision is

16  issued on direct state appeal [to] the time the first state collateral challenge is filed . . . ." *Nino v.*

17  *Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). But once a petitioner properly files a state post-

18  conviction application the period is tolled, and remains tolled for the entire time that application

19  is pending, provided that the petition is timely filed under state law. 28 U.S.C. § 2244(d)(2);

20  *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006); *see also Artuz v. Bennett*, 531 U.S. 4, 8 (2000)

21  ("[A]n application is '*properly* filed' when its delivery and acceptance are in compliance with

22  the applicable laws and rules governing filings."). A properly filed state post-conviction

23

24          [2] Unless otherwise noted, the court deems the filing date for each of petitioner's habeas
petitions to be the date reflected on the certificate of service for the respective petitions. *See*
25  *Houston v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed timely filed on
the date it was delivered to prison staff for delivery to the court); *Smith v. Duncan*, 297 F.3d 809,
26  814 (9th Cir. 2002) (applying mailbox rule to petitions filed in state court).

1   application is "pending" during the intervals between a lower court decision and filing a new

2   petition in a higher court. *Carey v. Saffold*, 536 U.S. 214, 223 (2002). The new petition filed in

3   the higher court is considered timely only if it is filed within a "reasonable time." *Chavis*, 546

4   U.S. at 192-93. The United States Supreme Court has held that, in the absence of on-point

5   California authority, an unexplained delay of six months or more is unreasonable. *Id.* at 201.

6   Where the limitations period has run, it cannot be revived by a collateral action. *Jiminez v. Rice*,

7   276 F.3d 478, 482 (9th Cir. 2001).

8         Petitioner filed his first state collateral challenge to the 2007 rules violation on June 22,

9   2008, in the Sacramento County Superior Court. Mot., Ex. 4. On August 1, 2008, the

10  Sacramento County Superior Court transferred the petition to the Solano County Superior Court,

11  where venue was proper. Mot., Ex. 6. The Solano County Superior Court denied the petition on

12  September 26, 2008. Mot., Ex. 5.

13        On July 29, 2009, petitioner filed a petition in the California Court of Appeal, Third

14  Appellate District. Mot., Ex. 7. On August 7, 2009, that court denied the petition without

15  prejudice to filing in the First Appellate District. Mot., Ex. 9. On November 4, 2009, petitioner

16  filed his petition in the First Appellate District.[3] Mot. at 5, Ex. 8. The First Appellate District

17  denied the petition on November 13, 2009. Mot., Ex. 8.

18        Respondent contends that petitioner's first state petition was not "properly filed" until

19  August 1, 2008, when the Sacramento County Superior Court transferred the petition to the

20  proper superior court. Mot. at 5 & n.2 (citing *Artuz*, 531 U.S. at 8, 9). Respondent submits that

21  as of August 1, 2008, 58 days had run on the statute of limitations.[4] Mot. at 5. Respondent

22  contends further that petitioner's second state petition was not "properly filed" on July 29, 2009,

23

24        [3] Here, the record does not contain evidence establishing when petitioner submitted this
    petition for mailing. Thus, there is no evidence to support application of the mailbox rule and the
25  court must use the date on which the petition was received by the First Appellate District as the
    filing date.

26        [4] By the court's calculations, 59 days would have run.

7

1  because petitioner filed it in the wrong state court of appeal.  Mot. at 5 & n.3 (citing *Artuz*, 531

2  U.S. at 8, 9).  Respondent argues that the July 29, 2009 petition, therefore, did not entitle

3  petitioner to statutory tolling, and that another 403 days had run on the limitations period by the

4  time petitioner filed his petition in the proper state court of appeal, on November 4, 2009.[5]  *Id.*

5  Respondent submits that the November 4, 2009 petition did not toll the one-year limitations

6  period because the limitations period had already expired.  *Id.* (citing *Ferguson v. Palmateer*,

7  321 F.3d 820, 823 (9th Cir. 2003)).  Thus, respondent asserts that the July 13, 2010 petition is

8  untimely.

9       Assuming petitioner's first state petition was "properly filed" on June 22, 2008, only

10  nineteen days had run on the statute of limitations, and the limitations period would have been

11  tolled through September 26, 2008, when the Solano County Superior Court denied the petition.

12  Petitioner then waited until July 29, 2009, 306 days later, before filing his next petition in the

13  state court of appeal.  Even if the July 29, 2009 petition had been filed in the proper court of

14  appeal, which it was not, the July 29, 2009 petition would not entitle petitioner to statutory

15  tolling because petitioner offers no explanation for the 306 day interval between filings.  *See*

16  *Chavis*, 546 U.S. at 198; *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam)

17  (unexplained gaps of 115 and 101 days between habeas petitions are "unreasonable," rendering

18  California petitions untimely, and not entitling petitioner to statutory tolling of AEDPA's

19  one-year statute of limitations).  Because the July 29, 2009 petition could not toll the limitations

20  period, it would have expired 40 days later on September 7, 2009.  Any subsequently filed

21  collateral action could not revive the limitations period.  *Jiminez*, 276 F.3d at 482.

22       While petitioner states in his opposition that respondent has "fail[ed] to apply equitable

23  tolling," it is petitioner's burden to demonstrate grounds to justify any equitable tolling.  Dckt.

24  No. 21 at 4.  A petitioner is entitled to equitable tolling only if he shows (1) that he has been

25

26       [5] By the court's calculations, 404 days would have run.

8

1   pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and

2   prevented timely filing.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).  Petitioner makes no

3   such showing.  As there is no basis for equitably tolling the limitations period, the court finds

4   that petitioner's challenge to the 2007 prison disciplinary proceedings is time-barred.

5   Accordingly, the court declines to address respondent's alternative argument that petitioner's

6   claim that his conduct was not prohibited under state regulations, is not cognizable.

7   **III.    Claims Regarding 2008 Prison Disciplinary Proceedings (Disobeying An Order)**

8           Petitioner claims his rights where violated when he was disciplined in 2008 for refusing

9   an order to double cell/refusing a bed move because his conduct was not prohibited by state

10  regulations.  Dckt. No. 1 at 2, 6, 8-10, 40-43 (May 23, 2008 Rules Violation Report).  According

11  to petitioner, he could not be found guilty of refusing to double cell in administrative segregation

12  because there is no California regulation requiring that inmates double cell in administrative

13  segregation.  *Id.* at 8.  Petitioner also contends that the practice of double celling is illegal, and

14  that he was not compatible with his proposed cellmate.  *Id.*  Respondent argues this claim should

15  be dismissed as non-cognizable because it is based on an interpretation of what conduct is

16  prohibited under state law.  Mot. at 6 (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)).

17          To the extent petitioner's claim relies solely on the application and interpretation of state

18  law, it is not cognizable.  *See Estelle*, 502 U.S. at 68 ("In conducting habeas review, a federal

19  court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the

20  United States.").

21          To the extent petitioner intends to advance a due process claim on the theory that he was

22  found guilty of a rule that is not mandated by state regulations, it also fails.  The Due Process

23  Clause of the Fourteenth Amendment protects prisoners from being deprived of liberty without

24  due process of law.  *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974).  However, "[p]rison

25  disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due

26  a defendant in such proceedings does not apply."  *Id.*  In a disciplinary proceeding where a

9

1    liberty interest is at stake, due process requires that "some evidence" support the disciplinary

2    decision. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). The inmate must also receive: "(1)

3    advance written notice of the disciplinary charges; (2) an opportunity, when consistent with

4    institutional safety and correctional goals, to call witnesses and present documentary evidence in

5    his defense; and (3) a written statement by the factfinder of the evidence relied on and the

6    reasons for the disciplinary action." *Id.* at 454 (citing *Wolff*, 418 U.S. at 563-67).

7      Petitioner has not alleged facts to support a cognizable claim for relief for violation of his

8    rights under the Fourteenth Amendment Due Process Clause. Petitioner does not allege he was

9    denied written notice of the disciplinary charges or time to prepare a defense for his hearing.

10    According to the Rules Violation Report attached to the petition, petitioner received timely

11    notice. Dckt. No. 1 at 42; *see also Wolff*, 418 U.S. at 564 ("Part of the function of notice is to

12    give the charged party a chance to marshal the facts in his defense and to clarify what the

13    charges are, in fact."). And, as evidenced through petitioner's claim regarding the 2007 Rules

14    Violation Report for his refusing to obey an order to double cell, *see* Dckt. No. 1 at 26, petitioner

15    was on notice in 2008 that such conduct would subject him to discipline.

16    **IV.    Claims Regarding 2008 Prison Disciplinary Proceedings (Possession of a Cell Phone)**

17

18      Petitioner claims that his due process rights were violated when he was disciplined in

19    2008 for possession of a cell phone because he was denied an investigative employee and the

20    right to present exculpatory evidence. Dckt. No. 1 at 2, 6, 10-12, 58-62. Petitioner alleges the

21    cell phone belonged to his cellmate, but his cellmate was transferred before petitioner's hearing.

22    *Id.* at 10. Petitioner alleges he could have obtained a statement from the cellmate regarding

23    ownership of the phones, i.e., exculpatory evidence, if he had been assigned an investigative

24    employee. *Id.* at 11. Petitioner contends that an investigative officer could have also asked the

25    officer who drafted the rules violation report questions about where the cell phone had been

26    found in the cell. *Id.* Respondent argues petitioner's claim of being entitled to an investigative

1  employee under state regulations is non-cognizable, and that he has failed to establish a prima

2  face case that he was denied the opportunity to present exculpatory evidence.  Mot. at 7.

3       Where an inmate is illiterate or the facts of the case are complex, he may be entitled to

4  seek the aid of a fellow inmate or staff.  *Wolff*, 418 U.S. at 570.  Petitioner claims he needed an

5  investigative employee in order to present exculpatory evidence in the form of a statement from

6  his former cellmate and to question the officer who discovered the cell phone in petitioner's cell.

7  Petitioner does not, however, allege he is illiterate, or that the facts regarding the possession

8  charge were complex.  Nor has petitioner alleged he was otherwise unable defend himself

9  without assistance.  Thus, petitioner has not stated a due process claim based on the denial of an

10 investigative employee.  To the extent plaintiff alleges a claim that prison officials violated state

11 regulations in denying him the assistance of an investigative employee, it is not cognizable in

12 federal habeas corpus.  *See Estelle*, 502 U.S. at 67-68.

13      While petitioner did not have the right to the appointment of an investigative employee,

14 he did have the right to request witnesses at his hearing.  *Wolff*, 418 U.S. at 566.  However the

15 record reflects that petitioner did not  request the presence of any witness at the hearing, and that

16 petitioner himself refused to attend the hearing.  *See* Dckt. No. 1 at 58, 59, 61.  Given

17 petitioner's failure to request any witnesses or attend his hearing and defend himself, he fails to

18 show his due process rights were violated.

19 **V.     Recommendation**

20      Accordingly, it is hereby RECOMMENDED that:

21      1. Respondent's December 31, 2010 motion to dismiss this action be granted; and

22      2.  The Clerk be directed to close this case.

23      These findings and recommendations are submitted to the United States District Judge

24 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

25 after being served with these findings and recommendations, any party may file written

26 objections with the court and serve a copy on all parties.  Such a document should be captioned

1  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

2  within the specified time may waive the right to appeal the District Court's order. *Turner v.*

3  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).  In

4  his objections petitioner may address whether a certificate of appealability should issue in the

5  event he files an appeal of the judgment in this case.  *See* Rule 11, Federal Rules Governing

6  Section 2254 Cases (the district court must issue or deny a certificate of appealability when it

7  enters a final order adverse to the applicant).

8  Dated:  August 31, 2011.

9  _____

   EDMUND F. BRENNAN

10  UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26